IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| LORENZO PEARSON and<br>CLARISSA PEARSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>COMMERCIAL BANK OF OZARK<br>and LARRY EZELL,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>  1:12cv15-MHT<br>       (WO) |

OPINION AND ORDER

The court now has before it two motions to proceed in forma pauperis filed by pro se plaintiffs Lorenzo and Clarissa Pearson. Lorenzo Pearson removed this case from state to federal court.

It is well established that a two-step procedure should be followed in processing a case initiated pursuant to 28 U.S.C. § 1915. "First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under 28 U.S.C. § 1915(a). Upon a finding of economic justification, the court should allow the complaint to be docketed without

prepayment of fees."[1] Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. 1981) (per curiam); see also Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985).[2] Second, once leave has been granted, this provision allows the district court summarily to deny relief if it determines the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted,"

---

1.  Section 1915(a)(1) provides:

    "Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

2.  In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The motions filed by the Pearsons satisfy the economic eligibility criteria of § 1915(a)(1).  This case, however, should be remanded to state court because the notice of removal, which initiated this case, is frivolous.

Lorenzo Pearson filed a notice of removal asserting federal-question jurisdiction over his pending state-court lawsuit against defendants Commercial Bank of Ozark and Larry Ezell.  According to the Pearsons' state-court complaint, the bank, acting under the direction of Senior Vice President Ezell, promised to provide them a loan with which they planned to build a home.  Relying on that promise, the Pearsons began construction.  However, the promised loan never arrived and the Pearsons suffered economic loss and damage to their credit.[3]

---

3.  Given the disjointed nature of Lorenzo Pearson's pro se filings, the court cannot be certain that it has
(continued...)

The Pearsons brought suit in state court, alleging a number of state-law claims, including negligence, wantonness, fraudulent inducement, promissory estoppel, and breach of fiduciary duty.  That action has been pending for nearly two years and, according to Lorenzo Pearson, the state court will soon rule on motions to dismiss.

Unhappy with the course of the state-court proceedings, Lorenzo Pearson filed a notice of removal in this court asserting federal-question jurisdiction. Lorenzo Pearson argues that, while he "went in the State Court as a Plaintiff," he is now "defending [him]self for due process, a federal issue under federal law." Removal Notice 1 (Doc. No. 1).  More precisely, he alleges that the state-court judge has conspired with the defendants and their counsel to thwart his state-court action by denying him indigent status, ignoring false statements

---

(...continued)
accurately set forth his allegations.  Any misstatement, however, is immaterial because this court plainly lacks jurisdiction over the dispute.

made against him, denying his request that the judge recuse himself, and committing mail and wire fraud against him.

Subsection (a) of 28 U.S.C. § 1441, which governs the removal of lawsuits from state to federal court, provides in pertinent part as follows:

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, <u>may be removed by the defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending."

(Emphasis added). The Supreme Court has cautioned that this statute should be strictly construed. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108 (1941). Given that admonishment and the express and unambiguous terms of the statute itself, it is unsurprising that the Eleventh Circuit Court of Appeals has stated that § 1441(a) authorizes defendants only, and not plaintiffs, to remove a suit to federal court. See <u>FDIC v. S & I 85-</u>

1, Ltd., 22 F.3d 1070, 1072 (11th Cir. 1994). Consequently, this action must be remanded because § 1441(a) does not grant Lorenzo Pearson the right to seek removal of a cause of action in which he is the plaintiff.

Lorenzo Pearson attempts to circumvent that reality by characterizing himself as defendant, rather than plaintiff. He explains: "I am a Plaintiff in these cases that has become a Defendant because the State has denied me due process in all my cases." Removal Notice 2 (Doc. No. 1). But new allegations of wrongdoing by the defendant (or by state-court officials) cannot be enough to transform a plaintiff into a "defendant" within the meaning of § 1441(a). Otherwise, every plaintiff, merely by asserting a new federal claim (nearly every claim embodies allegations of wrongdoing) in a pending state-court action, could remove his case to federal court. That would render meaningless the language of § 1441, which refers to only defendants.

It may be that Lorenzo Pearson, because he is acting pro se, filed this notice of removal without a proper understanding of federal procedure. For his benefit, and because he is a plaintiff in similar actions pending in state court, this court wants to ensure that he understands that an individual filing an action against another party is considered the plaintiff under federal law. The federal removal statute does not authorize plaintiffs to remove their cases to federal court, except in rare situations not applicable here. That is particularly true where, as here, the plaintiff appears to be removing the case solely to avoid a potentially unfavorable ruling from the state court.

Moreover, even if Lorenzo Pearson could remove this case to this court, it would still need to be remanded because there is no "federal question" presented. All of Pearson's claims are state-law claims; he has not alleged any federal claims in state court. He simply contends that he is being mistreated in state court in violation

of federal law.  This mistreatment is not an independent federal claim but rather is an argument that he should present to a state appellate court should he lose on his state-law claims in state court.  Removal jurisdiction is not an avenue for federal review of state-court actions.

***

Accordingly, for the foregoing reasons, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Plaintiffs Lorenzo and Clarissa Pearson's motions to proceed in forma pauperis (Doc. Nos. 2 & 3) are granted.

(2) This cause is remanded to the Circuit Court of Dale County, pursuant to 28 U.S.C. § 1446(c)(4).

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed.

DONE, this the 10th day of January, 2012.

                    /s/ Myron H. Thompson
                UNITED STATES DISTRICT JUDGE